WILLIAMS LAW FIRM, P.C.
Mark S. Williams
Peter B. Ivins
235 Pine Street
P.O. Box 9440
Missoula, Montana 59807
(406) 721-4350
mark@wmslaw.com
peter@wmslaw.com
*Attorneys for TSYS Merchant Solutions, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JOHN C. FAYLE,<br><br>                    Plaintiff,<br><br>        v.<br><br>TSYS MERCHANT SOLUTIONS, LLC, and JOHN DOES 1-5,<br><br>                    Defendants. | Civil Action No.: _____<br><br><br>**NOTICE OF REMOVAL** |

Defendant TSYS Merchant Solutions, LLC ("TSYS" or "Defendant") hereby removes Cause No. DV-15-2020-0000324-BC, *John C. Fayle v. TSYS Merchant Solutions, LLC, and John Does 1-5*, from the Montana Eleventh Judicial District Court, Flathead County, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal of this action is proper because there is complete diversity between Plaintiff and

Defendant and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332. In support of this Notice, TSYS respectfully states the following:

## I.   Removal is Timely

Plaintiff's Verified Complaint and Demand for Jury Trial ("Complaint") was initially filed on April 6, 2020.  TSYS was served with the Complaint by Certified U.S. Mail on May 4, 2020. Copies of all pleadings served on Petitioner are attached hereto as **Exhibit A**.

This Notice of Removal is filed within thirty days of receipt of the Complaint; therefore, removal is timely. 28 U.S.C. § 1446(b)(1).

## II.   Venue

Venue for removal is proper in this district and division because this district and division embrace the Eleventh Judicial District Court, Flathead County, Montana, the forum in which the removed action was pending. 28 U.S.C. § 1441(a).

## III.   Complete Diversity

There is diversity jurisdiction in this Court because there is complete diversity of citizenship, meaning that no plaintiff is a citizen of the same State as any defendant. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1753 (2019).

### a.  Citizenship of Plaintiff

Plaintiff alleges that he is a Montana citizen and resident of Flathead County, Montana. (*See* Exh. A, Compl. ¶ 1).

### b.  Citizenship of TSYS Merchant Solutions, LLC

TSYS Merchant Solutions, LLC is a Delaware limited liability company (LLC),[1] and for diversity jurisdiction purposes, it is a citizen of the States of Delaware and Georgia. LLCs are treated as "partnerships for the purposes of diversity jurisdiction," and "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). TSYS Merchant Solutions, LLC is a wholly owned subsidiary of Transfirst Group, Inc. (*See* Exh. B, Avey Decl. ¶ 5).

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)). Transfirst Group, Inc. is a Delaware Corporation with its principal place of business in Georgia. (*See* Exh. B, Avey Decl. ¶ 5). Transfirst Group Inc. is a wholly owned subsidiary of Transfirst Parent Corp., a Delaware corporation with its principal place of business in Georgia. (*Id*.). Transfirst Parent Corp. is a wholly owned subsidiary of Total System Services, LLC, a Georgia LLC. (*Id*.). Global Payments Inc. is the sole member of Total Systems Services, LLC. (*Id.* at ¶ 4). Global Payments Inc. is a Georgia corporation with its principal place of business in Georgia. (*Id, at* ¶ 3).

---

[1] *See* Declaration of Leah Avey ("Avey Decl."), ¶ 5 (attached hereto as **Exhibit B**).

Accordingly, Plaintiff is not a citizen of the same state as Defendant, and therefore, complete diversity exists.[2]

## IV.   <u>Amount in Controversy</u>

The "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability." *Lewis v. Verizon Commun., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When, as here,[3] a complaint does not include the "specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Id.* at 397 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007)). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that

_____

[2] Although Plaintiff has included John Does 1-5 as "other unnamed companies or individuals that may be responsible for the claims asserted," (Compl. ¶ 3), the federal removal statute provides that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of diversity jurisdiction in the removal context. 28 U.S.C. § 1441(b)(1).

[3] Plaintiff does not specify the amount of damages sought in his Complaint, but instead asserts that he is seeking recovery of breach of contract damages (Exh. A, Compl. ¶ 18); unpaid wages for "roughly 445.55 hour in paid days off (PDO), 120 hours of vacation pay, 24 hours for floating holidays, 20 hours of family ed time off, and 80 hours of military pay" (Exh. A, Compl. ¶ 20); alleged earned commissions or residuals (Exh. A, Compl. ¶ 21); assessment of a penalty "not to exceed 110% of the unpaid regular, commission and overtime wages … pursuant to Montana statutory wage law" (Exh. A, Compl. ¶ 22); and attorney's fees (Exh. A, Compl. Count 4, p. 6).

the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).

In this instance, Plaintiff's own written demand letters establish that the amount in controversy far exceeds the $75,000 threshold. *See, e.g., Qilin v. CSAA General Insurance Co.*, No. CV-15-129-BLG-CSO, 2016 WL 1248680, at *3 (D. Mont. March 29, 2016) ("[I]n the Ninth Circuit, a 'settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'") (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Plaintiff's original demand letter, dated April 13, 2020, provided a detailed breakdown and calculation of his alleged monetary damages, asserting unpaid wages totaling $31,926.17, breach of contract damages in the amount of $96,304.00, and attorney's fees incurred to date of $3,200, for a total monetary demand of $131,430.17. (*See* Avey Decl., ¶¶ 6-7). In a subsequent, follow-up demand letter dated April 24, 2020, Plaintiff provided additional calculations/argument and then presented a revised, slightly lowered total monetary demand of $120,000, plus an additional $5,155.00 in attorney's fees. (*See* Avey Decl., ¶ 8). Thus, the amount in controversy for Plaintiff's claims far exceeds the $75,000 threshold required for removal under 28 U.S.C. § 1332(a).

The Ninth Circuit unequivocally has "held that a demand letter sent during the course of the state court action can constitute 'other paper' within the meaning

of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho v. Equifax Info. Serv., LLC*, 629 F.3d 876 (9th Cir. 2010) (citing *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir.2007)). Thus, Plaintiff's demand letters, both of which were submitted ***after*** the filing of the state court action, provide clear evidence that the amount in controversy is indeed in excess of $75,000. Defendant therefore has demonstrated "by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis, supra,* 627 F.3d at 400.

## V.    Notice to State Court and Opposing Party

Pursuant to 28 U.S.C. § 1446(d) and L.R. 3.3(a), TSYS will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Eleventh Judicial District, Flathead County, Montana, where the action is pending.

## CONCLUSION

Because the requirements for Diversity of Citizenship jurisdiction are met, TSYS Merchant Solutions, LLC respectfully requests that the above described case be removed from the Eleventh Judicial District Court, Flathead County, Montana, to the United States District Court for the District of Montana, Missoula Division.

DATED this ___22nd___ day of ____MAY_____, 2020.


                              /s/ *Mark S. Williams*
                        _____
                        Mark S. Williams
                        Peter B. Ivins
                        *Attorneys for Defendant*
                        *TSYS Merchant Solutions, LLC*