FILED
04/06/2020
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Rachael Mitchell
DV-15-2020-0000324-BC
Wilson, Dan
1.00

Doug Scotti
Frampton Purdy Law Firm
530 W. 19th St, Suite 301
Whitefish, Montana 59937
Telephone: (406) 862-9600
doug@framptonpurdy.com
Attorneys for Plaintiff

**MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY**

| | |
|---|---|
| JOHN C. FAYLE, | Cause No. DV-20-_____ |
| Plaintiff, | Judge:_____ |
| v. | |
| TSYS MERCHANT SOLUTIONS, LLC, and John Does 1 – 5, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, JOHN C. FAYLE, for his complaint alleges as follows:

**JURISDICTION & VENUE**

1. Plaintiff John C. Fayle ("John") is a resident of Flathead County, Montana.

2. Defendant TSYS Merchant Solutions, LLC ("TSYS") is a Delaware limited liability company with its principal offices located at One TSYS Way, Columbus, Georgia 31901.  TSYS is authorized to do business in Montana and its registered agent is CT Corporation System, 3011 American Way, Missoula MT 59808.

3. "John Does 1-5" are other unnamed companies or individuals that may be responsible for the claims asserted herein.

4. John negotiated, signed and performed the contract at issue, which is one of the subjects of this lawsuit, in Flathead County, Montana.

5. Jurisdiction and venue are proper with this court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. John began employment with TSYS in or about 2014.

7. On or about February 28, 2019, John entered into a Sales Incentive Plan ("2019 SIP") with TSYS. The 2019 SIP is Exhibit 1 and is fully incorporated herein.

8. John was not provided with additional compensation (e.g., pay, benefits, or a promotion) as consideration to execute the 2019 SIP.

9. John was compensated by TSYS under the 2019 SIP through a base wage, benefits, and through the payment of earned commissions in the form of residuals.

10. The 2019 SIP was supposed to expire by its terms on or about December 31, 2019. However, the 2019 SIP was extended and renewed by TSYS for two additional months, or until February 29, 2020.

11. On or about February 13, 2019 TSYS presented two new entirely new contracts to John: an "FI Employee Bridge Agreement," and "Sales Employee Agreement" (collectively, the "New Contracts"). Copies of these offered contracts are Exhibit 2 and 3, respectively, and both are fully incorporated herein.

12. Under the New Contracts, John was advised by TSYS that all of his residual payments due under the 2019 SIP would be voided out and would not be paid to John.

13. John advised TSYS, by and through his superiors there, that he did not intend on signing the New Contracts, that he wanted his residuals paid to him, and that he was not resigning from employment with TSYS.

14. John was told verbally that he had until 2/29/20 to sign the New Contracts, and that if he did not execute both that his employment would be terminated.

15. On or about February 29, 2020 John's employment was terminated by TSYS. No written reasons were provided. None of John's residuals were paid to him.

16. John was under no obligation to sign the New Contracts, under the terms of the 2019 SIP. Moreover, John was clearly entitled to his residuals as payments for the Performance Periods, all as detailed in the 2019 SIP.

## COUNT 1: BREACH OF CONTRACT

Plaintiff hereby incorporates the foregoing paragraphs.

17. The 2019 SIP was breached by TSYS.

18. As a result of said breach, John has been damaged in amount to be determined at trial.

## COUNT 2: UNPAID WAGES

Plaintiff hereby incorporates the foregoing paragraphs.

19. TSYS failed to pay John all the wages due and owing to John, in violation of Montana wage laws.

20. the following benefits were due and payable to John as wages at the time TSYS terminated him: roughly 445.55 hours in paid days off (PDO), 120 hours of vacation pay, 24 hours for floating holidays, 20 hours of family ed time off, and 80 hours of military pay.

21. Additionally, John is entitled to the payment of earned commissions or residuals for his performance under the 2019 SIP.

22. Furthermore, a penalty should be assessed against TSYS in an amount not to exceed 110% of the unpaid regular, commission and overtime wages due to John, pursuant to Montana statutory wage law.

23. John is also entitled to recover his attorney's fees incurred in prosecuting this unpaid wage claim, pursuant to §39-3-214, MCA.

24. This unpaid wage claims is timely filed.

**COUNT 3: DECLARATORY ACTION**

Plaintiff hereby incorporates the foregoing paragraphs.

25. There presently exists a dispute between the parties regarding the applicability and enforceability of the 2019 SIP.

26. The 2019 SIP contains restrictive covenants in its Program Policies and Practices section, which the Court should declare to be void upon John's termination.

27. Specifically, the covenant not to solicit purports to act as a non-compete agreement masked as a 'non-solicitation' agreement. Its terms seek to prevent John from working with or for anyone "competitive with any product, business, activity or service" of TSYS for a period of two years following termination, with no geographical limitation at all.

28. "Montana law strongly disfavors covenants not to compete." *Wrigg v. Junkermier, Clark, Campanella, Stevens, PC,* 2011 MT 290, ¶11, 362 Mont. 496, 265 P.3d 646. MCA § 28-2-703 specifically provides that "[a]ny contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided for by 28-2-704 or 28-2- 705, is to that extent void." Subsection 704 deals with the sale of goodwill of a business and subsection 705 deals with dissolution of a partnership, neither of which is implicated here.

29. The statutory prohibitions against restraint of trade apply not only to restrictions on working for a competitor, but all restrictions in the Non-Compete Agreement including restrictions on alleged confidential information. *See State Med. Oxygen*

*& Supply, Inc. v. Am. Med. Oxygen Co.,* 240 Mont. 70, 74, 782 P.2d 1272, 1275 (1989).

30. Courts only uphold restraints of trade and covenants not to compete when they constitute a partial restraint and meet the following three (3) prong test (the "Dobbins Test"): (A) they are limited in either time or place; (B) they are supported by consideration; and (C) they afford reasonable protection without imposing an unreasonable burden upon the employee. *Dobbins, DeGuire & Tucker, PC v. Rutherford et al,* 218 Mont. 392, 708 P.2d 577 (1985).

31. A covenant not to compete that prohibits a former employee from exercising his or her trade, even if limited by time or geography, fails the third prong of the Dobbins Test. *Mont. Mt. Prods. v. Curl,* 2005 MT 102, ¶ 16, 327 Mont. 7, 112 P3d 979.

32. However, regardless of whether the Non-Compete Agreement meets the three-prong test as a partial restraint, it is unenforceable under Montana law if the employer discharges its employee because it has no legitimate business interest in firing an employee and then enforcing the covenant. *Wrigg* at 37.

33. John is entitled to declaratory relief that the Non-Solicit portion of the 2019 SIP is void and unenforceable as a matter of law because it is unconscionable, a contract of adhesion that was a non-negotiable, form contract imposed by the party with the superior bargaining power and was not within the reasonable expectations of John at the time that he executed it.

34. John is additionally entitled to this declaration because he was fired, so TSYS has no legitimate business interest in enforcing it.

35. The Non-Compete Agreement section in the 2019 SIP is not a valid partial restraint in that it completely prohibits John from working with or for any entity that is "competitive with any product, business, activity or service" of TSYS for a period of two years following termination with no geographical limitation at all.

36. Under these terms, John, although he was terminated by TSYS for not signing the New Contracts, virtually cannot work with or for anyone in the entire country for a period of two years ending on or about 2/28/2022.

37. In addition to a judgment declaring the Non-Compete Agreement null and void, John entitled to attorney fees and costs in pursuing this action due to the attorney fees provisions in the statute and *Trustees Ind. U v. Buxbaum,* 2003 MT 97, ¶46, 315 Mont. 210, 69 P.3d 663.

**COUNT 4: ATTORNEY FEES**

Plaintiff restates and realleges all paragraphs above as if fully set forth herein.

38. John is entitled to reasonable attorney fees and costs pursuant to §39-3-214, MCA, pursuant to clause 4 of the 2019 SIP, and pursuant to the declaratory action.

WHEREFORE, Plaintiff John C. Fayle prays for relief as follows:

1. An order or verdict determining that Total System Services, Inc. breached their contract with John, and caused damages in an amount to be determined;

2. Judgment in the amount of all unpaid residuals, commissions and wages including benefits, in an amount to be determined;

3. Judgment, as a statutory penalty, in the amount of 110% of the Plaintiff's unpaid wages including benefits;

4. A declaration that the Non-Solicit section of the 2019 SIP is void and unenforceable against John beyond 2/29/20 as an unlawful restraint on trade;

5. Interest on unpaid residuals, wages and benefits;

6. Attorney fees and costs; and

7. For such other relief as the Court deems just and equitable.

DATED this 6th day of April 2020.

FRAMPTON PURDY LAW FIRM
*Attorneys for Plaintiff*

By: _____
Doug Scotti

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all counts to which he is so entitled.

DATED this 6th day of April 2020.

FRAMPTON PURDY LAW FIRM
*Attorneys for Plaintiffs*

By: _____
Doug Scotti

## VERIFICATION

I, the undersigned, do hereby declare under penalty of perjury that I have read the foregoing *Verified Complaint and Demand for Jury Trial* and that the facts and matters contained therein are true, accurate, and complete to the best of my knowledge and belief.

Dated this 6th day of April 2020.

_____
John C. Fayle